of an instruction in effect that a passenger in an automobile who was killed by the automobile being struck by defendant's street car should have exercised that degree of care which the law required of the driver, that the court refused other instructions asked by defendant as to the degree of care required of a passenger which were correctly drafted and less helpful to defendant than the one given.

7. APPEAL AND ERROR, § 1543*—*when giving of erroneous instruction on credibility of witness is harmless error.* An instruction that "one credible witness may be entitled to more weight than the testimony of many others, if, as to those other witnesses, you have reason to believe, and do believe from the evidence and all the facts before you, that such other witnesses have knowingly testified untruthfully and are not corroborated by other credible witnesses or by circumstances proved in the case," was bad, but giving of same was not reversible error where there was no contrariety of testimony on any controlling or material fact.

8. APPEAL AND ERROR, § 1491*—*when exclusion of evidence as to reason why witness failed to appear is harmless error.* The exclusion by the court of defendant's offer, in the presence of the jury, to show that the motorman of defendant's car, who failed to appear as a witness for defendant upon defendant's subpœna and fees tendered, said when he refused to attend that his mother was dead and was to be buried that afternoon, was not prejudicial error.

---

## James O'Meara, Appellee, v. Crane Company, Appellant.

### Gen. No. 6,528.    (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918.

### Statement of the Case.

Action by James O'Meara, plaintiff, against Crane Company, defendant, before a justice of the peace to recover damages for injuries to plaintiff's two horses loaned to one Miss A. L. Preston, claimed to be con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

O'Meara v. Crane Company, 209 Ill. App. 28.

ducting a sanitarium for defendant. From a judgment for the plaintiff for $200 on appeal from a like judgment, defendant appeals.

Summons was returned served on the corporation by leaving a copy with A. L. Preston, superintendent, other officers, naming them, not found in the county. The corporation appeared and defended on the merits without objecting to the service on the ground that A. L. Preston, superintendent, was not an officer of the corporation, but offered evidence that A. L. Preston was employed by one R. T. Crane, Jr., and not by defendant.

CORNELIUS REARDON, for appellant.

BUTTERS & CLARK, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

CORPORATIONS, § 355*—*when evidence shows corporation to be bailee of horses.* Evidence held sufficient to warrant the finding that the defendant company was bailee of plaintiff's horses, in an action to recover damages for injuries to them while loaned to a person whom plaintiff claimed was engaged in conducting a sanitarium for defendant, as against the latter's contention that the sanitarium was not conducted by it, but by a third person who furnished all the funds and who employed the person upon whom process was served, similar transactions previously having been recognized as company business and no objection having been made that the person on whom process was served was not an officer of the company.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.